FILED
CLERK

6/29/2016 11:31 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
HASTINGS DEVELOPMENT, LLC
              Plaintiff,

        -against-

EVANSTON INSURANCE COMPANY
              Defendant.
----------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
14-CV-6203 (ADS)(AKT)

**APPEARANCES:**

**Simmons Jannace Deluca, LLP**
*Attorneys for the Plaintiff*
43 Corporate Drive
Hauppauge, NY 11788
       By: Steven D. Jannace, Esq., Of Counsel

**Traub Lieberman Straus & Shrewsberry LLP**
*Attorneys for the Defendants*
7 Skyline Drive
Hawthorne, NY 10532
       By: Eric D. Suben, Esq.
           Gregory Joseph Perrotta, Esq., Of Counsel

**SPATT, District Judge**.

       On October 23, 2014, the Plaintiff Hastings Development, LLC ("Hastings") commenced this action against the Defendant Evanston Insurance Company ("Evanston") seeking a declaratory judgment pursuant to 28 U.S.C. § 2201(a) stating that Evanston is required to indemnify Hastings in a personal injury action pending in the New York State Supreme Court, Suffolk County. Hastings also sought consequential, incidental, and punitive damages arising from Evanston's allegedly bad faith conduct in denying insurance coverage to Hastings.

       In an October 30, 2015 decision and order (the "October 30, 2015 Order"), the Court denied Evanston's motion to dismiss the declaratory judgment claims and granted its motion to

1

dismiss Hastings' claim for bad faith denial of coverage. Of importance here, it also granted Hastings' cross-motion for summary judgment on its declaratory judgment claim.

On November 18, 2015, the Clerk of the Court entered an amended judgment (the "Amended Judgment") in favor of Hastings on its claim for a declaratory judgment stating that "the Plaintiff is entitled to indemnification for the Cohen Action subject to the applicable limits on damages established in the Policy."

Presently before the Court is (i) a motion by Evanston pursuant to Local Civil Rule 6.3 for reconsideration of the October 30, 2015 Order; and (ii) a letter motion by Hastings to alter the Amended Judgment.

For the following reasons, both motions are denied.

## I. BACKGROUND

The Court presumes familiarity with the background of this case and the October 30, 2015 Order. However, the Court finds it necessary to provide a brief overview of this indemnification dispute.

Prior to June 29, 2011, Evanston issued to the "Named Insureds" a Commercial General Liability Policy (the "Policy") for the period June 1, 2011 to June 1, 2012. (See Common Policy Decl., Compl., Ex. B.) The first two pages of the policy declarations list Universal Photonics, Inc. ("UPI") as the "Named Insured." (See id. at pp. 1–2.) However, the third page of the policy declarations states, "Named Insureds: Universal Photonics, Inc.; JH Rhodes Co., Inc.; Facilities Realty Management, LLC; and Hastings Development, LLC." (See id. at p. 3.)

The Commercial General Liability Coverage Form (the "Coverage Form") obligates Evanston to "pay those sums that the insured becomes legally obligation to pay as damages

2

because of 'bodily injury' or 'property damage' to which this insurance applies." (See Coverage Form, Compl., Ex. B, at § 1(a).)

However, central to this case, the Policy contains an Endorsement, entitled the "Employers Liability Exclusion," which modifies Evanston's insurance obligations as follows:

> This insurance does not apply to any claim, suit, cost or expense arising out of bodily injury to:
>
> (1) <u>an employee of the Named Insured</u> arising out of and in the course of employment <u>by any insured</u>, or while performing duties related to the conduct of <u>the Insured's business</u>, or
>
> (2) the spouse, child, parent, brother, sister or relative of that employee as a consequence of (1).
>
> This exclusion applies whether <u>an Insured</u> may held liable as an employer or in any other capacity, and/or to any obligation to share damages with or repay someone else who must pay damages because of the injury;
>
> And this exclusion applies whether you have assumed liability under any Insured contract or agreement.
>
> Wherever the word employee appears above, it shall mean any member, associate, leased worker, temporary worker of, or any person loaned to or volunteering services, to <u>any Named Insured</u>.

(Employers Liability Exclusion, Compl., Ex. B, at p. 40) (emphasis added).

On June 26, 2014, Aaron Cohen ("Cohen") commenced an action in the Supreme Court of Nassau County (the "Cohen Action") against, among others, UPI and the Plaintiff, to recover monetary damages that he suffered while operating a mixing machine in the course of his employment. (See the Cohen Action Compl., Dkt. No. 1–1.) It is undisputed that Cohen was an employee of UPI at the time of his injury. (The Pl.'s Rule 56.1 Statement at ¶ 4.)

Hastings sought indemnification from Evanston for its legal fees and any damages which may be awarded against it in the Cohen Action.

3

On July 31, 2014, Evanston denied Hastings' request for coverage under the Policy based on the Employers Liability Exclusion. (See July 31, 2014 Ltr., Compl., Ex. C.) This action followed.

## II. DISCUSSION

### A. As to Evanston's Motion for Reconsideration

As noted, Evanston moves for reconsideration of the Court's decision to grant Hastings' motion for summary judgment on its claim for a declaratory judgment requiring Evanston to indemnify Hastings under the Policy for the Cohen Action.

**1. The Legal Standard**

Local Civil Rule 6.3 permits a party to move for reconsideration of a court order within 14 days after the entry of the Court's determination of the original motion. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). Of importance, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

**2. The October 30, 2015 Order**

As noted, the Employers Liability Exclusion states, in relevant part, "This insurance does not apply to any claim, suit, cost or expense arising out of bodily injury to . . . an employee of the Named Insured arising out of and in the course of employment by any insured, or while performing duties related to the conduct of the Insured's business."

In support of its summary judgment motion, Hastings asserted that the Employers Liability Exclusion did not apply to the Cohen Action because Cohen was an employee of UPI, not Hastings. (See the Pl.'s Mem. of Law, Dkt. No. 26–14, at 10–11.) Its argument was based on the premise that the phrase, "an employee of the Named Insured," referred only to the Named Insured that was seeking coverage — in this case, Hastings —, and not to the other Named Insureds under the Policy — i.e., UPI, JH Rhodes Co., Inc.; Facilities Realty Management, LLC. (See id.)

Hastings further asserted that a provision in the Policy, known as the "Separation of Insureds clause," confirmed its interpretation. The Separation of Insurance Clause states:

> Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:
> a. As if each Named Insured were the only Named Insured; and
> b. Separately to each insured against whom claim is made or 'suit' is brought.

(Compl., Ex. B, at § IV(7).) According to Hastings, the "Separation of Insureds Clause" had the effect of amending the Employers Liability Exclusion so that the phrase, "an employee of the Named Insured," should be read in this case as, "an employee of Hastings." As Cohen was not an employee of Hastings, it contended that the exclusion was not applicable to bar coverage to Hastings in defending against Cohen's claims. (See the Pl.'s Mem. of Law, Dkt. No. 26–14, at 10–11.)

5

For its part, Evanston asserted that the Separation of Insureds Clause did not change the interpretation of the Employers Liability Exclusion because UPI and Hastings are both "Named Insureds," under the Policy and therefore, the phrase, "an employee of the Named Insured," applied to claims made by employees of any of the Named Insureds, including Hastings. (See the Pl.'s Mem. of Law, Dkt. No. 9–3, at 6–8.)

In the October 30, 2015 Order, the Court found both parties' interpretations of the Employers Liability Exclusion to be reasonable and as such, ruled that the language of "an employee of the Named Insured" was ambiguous as a matter of law. As the parties offered no extrinsic evidence of intent, the Court applied the rule of *contra proferentem*, according to which all ambiguities should be resolved in favor of the insured. (See Oct. 30, 2015 Order at 21–24.) Applying *contra proferentem*, the Court "adopt[ed] [Hastings'] interpretation of the exclusion because [Hastings] is the insured and its interpretation of the exclusion is the narrower interpretation." (Id. at 24–25.) Accordingly, the Court ruled that Hastings was entitled to indemnification under the Policy and therefore, granted Hastings' motion for summary judgment on its declaratory judgment claim and denied Evanston's motion to dismiss that claim. (Id. at 25.)

**3. As to Evanston's Motion for Reconsideration**

Evanston moves for reconsideration because it contends that on November 4, 2015, four days after the Court issued its decision granting Hastings' motion for summary judgment, in Endurance Am. Specialty Ins. Co. v. Century Sur. Co., 630 F. App'x 6 (2d Cir. 2015), the Second Circuit issued a summary order reversing a district court decision that was, according to Evanston, "the primary basis" for this Court's decision. (See the Def.'s Mem. of Law, Dkt. No. 41–1, at 1.) Evanston also points to a number of authorities which it contends that this Court

6

disregarded in interpreting the Employers Liability Exclusion. (See id. at 6–7.) Evanston argues that the Court's ruling that the Employers Liability Exclusion is ambiguous was based on an error of law, and therefore, the Court should not have resorted to the rule of *contra proferentem*. (Id. at 8.)

Hastings disputes Evanston's arguments and contends that (i) Endurance is distinguishable from this case and is therefore, not controlling; (ii) the other legal authorities cited by Hastings are also distinguishable; and (iii) the Employers Liability Exclusion unambiguously does not apply to the Cohen Action, and even if it is ambiguous, the Court properly applied the rule of *contra proferentem*. (See the Pl.'s Mem. of Law, Dkt. No. 47, at 1–8.) The Court agrees.

The Court finds that there are a number of issues with Evanston's reliance on the summary order in Endurance Am. Specialty Ins. Co. v. Century Sur. Co., 630 F. App'x 6 (2d Cir. 2015) as a basis for reconsideration.

First, Endurance is an unpublished summary order. Rule 32.1.1(a) of the Second Circuit's Local Rules states "rulings by summary order do not have precedential effect." 2d. Cir. Local Rules 32.1.1(a); see also Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 370 n. 11 (2d Cir. 2003) ("Under our court rules, summary order disposition is neither precedential nor may it be cited.") (citing 2d Cir. R. § 0.23);

For this reason, courts in this Circuit have repeatedly denied motions for reconsideration that are based on unpublished summary orders because summary orders, according to the Second Circuit's own rules, do not represent an "intervening change of controlling law" that warrant reconsideration. See Hoefer v. Bd. of Educ. of the Enlarged City Sch. Dist. of Middletown, 820 F.3d 58, 65 (2d Cir. 2016) (rejecting appellees' reliance on an unpublished summary order

because "an unpublished summary order . . . is not precedential"); No Hero Enterprises B.V. v. Loretta Howard Gallery Inc., No. 13 CIV. 8464 (GHW), 2014 WL 10936545, at *1 (S.D.N.Y. May 28, 2014) (denying a motion for reconsideration based on an unpublished summary order because the summary order "has no precedential effect . . . . [and] thus has no implications for this Court's decision denying AXA's motion to dismiss, much less 'controlling' implications"); King Cty., Wash. v. IKB Deutsche Industriebank AG, 863 F. Supp. 2d 317, 323 (S.D.N.Y. 2012) ("Because Stephenson is an unpublished summary order, it does not have precedential effect. A summary order cannot serve as the basis for reconsideration."); Whitehead v. City of New York, 953 F. Supp. 2d 367, 379 (E.D.N.Y. 2012) )("The Second Circuit's decision in Matthews provides no basis for relief under Rule 60(b)(6) because a two-page, non-precedential summary order is a mere change in decisional law."); United States v. Hatfield, 795 F. Supp. 2d 219, 223 (E.D.N.Y. 2011) (on reconsideration rejecting the government's reliance on second circuit summary orders because the "Second Circuit's own rules declare that its summary orders do not have precedential effect.") (internal quotation marks and citation omitted).

Second, the district court's decision in Endurance, 46 F. Supp. 3d 398 (S.D.N.Y. 2014) was not the "primary basis" of this Court's decision, as Evanston contends. Rather, in the October 30, 2105 Order, the Court noted that the Employers Liability Exclusion in this case "bears some similarity to the exclusion at issue in Endurance" but that "there [were] also key differences." (Oct. 30, 2015 Order at 18–19.) Ultimately, the Court came out differently because unlike in Endurance, the Court found that the Employers Liability Exclusion was ambiguous as a matter of law and declined to grant judgment in favor of Hastings on the basis of the plain language alone. (See id. at 19.)

8

Third, <u>Endurance</u> is distinguishable from this case. In <u>Endurance</u>, Pinnacle, a subcontractor, was the only "named insured" under a commercial liability insurance policy issued by Century Surety Company ("Century"), and Hayden, the general contractor, was an "additional insured" under the policy. 46 F. Supp. 3d at 404–05**.** Hayden sought coverage under a commercial general liability policy for a personal injury action brought against it by one of Pinnacle's employees. <u>Id.</u> at 407. Century denied coverage under the employers' liability exclusion which excluded coverage for suits arising from "bodily injury" to . . . "an employee of the named insured arising out of and in the course of . . . employment by the named insured; or performing duties related to the conduct of the named insured's business." <u>Id.</u> at 404. Century asserted that because the plaintiff in the underlying suit was an employee of Pinnacle, the named insured under the policy, the employers' liability exclusion applied to bar coverage to Hayden. <u>Id.</u> at 408. On the other hand, Hayden argued that the phrase, "employee of the named insured," should be replaced with "an employee of Hayden" because under the separation of insureds clause, the "insurance applies . . . separately to each insured against whom claims is made or 'suit' is brought." <u>Id.</u>

The district court in <u>Endurance</u> adopted Hayden's interpretation of the employers' liability exclusion and found that because the plaintiff in the underlying suit was not an employee of Hayden, the employers liability exclusion did not bar coverage to Hayden for the suit. <u>See</u> <u>id.</u> at 419–420.

The Second Circuit in <u>Endurance</u> reversed because it found that Hayden was *not a "Named Insured"* under the policy but an "*additional insured*." 630 Fed. App'x at *7. Rather, Pinnacle was the only "Named Insured" under the Policy. <u>Id.</u> Therefore, the Court of Appeals, reasoned that there was no ambiguity as to what "an employee of the Named Insured" meant; it

9

meant an "an employee of [Pinnacle]." Id. As the plaintiff in the underlying action was an employee of Pinnacle who brought a personal injury suit against Hayden arising from performing duties within the scope of his employment for Pinnacle, it was clear and unambiguous that the employers liability exclusion applied and excluded coverage to Hayden for the underlying personal suit. See id. Accordingly, the Second Circuit reversed the judgment of the district court because it found that the underlying personal injury action fell within the scope of the employers liability exclusion. Id. at *8.

Here, by contrast, there are multiple Named Insureds under the policy and therefore, there is ambiguity as to what "an employee of the Named Insured" means in the context of the Employers' Liability Exclusion. Hastings is a "Named Insured" under the policy. Thus, it would appear that the separation of insureds clause which applies the insurance "separately to each insured against whom claim is made or 'suit' is brought," would require the Court to interpret the policy as if Hastings is the *only* "Named Insured" under the policy. Under that logic, "the Named Insured" in the Employers Liability Exclusion should be replaced with "Hastings." As Cohen was not an employee of Hastings, the Employers Liability Exclusion does not bar coverage to Hastings for the Cohen Action.

Accordingly, if anything, the reasoning of the summary order in Endurance supports a finding that the Employers Liability Exclusion in this case does not apply to bar coverage to Hastings for the Cohen Action because unlike in Endurance, Hastings is a Named Insured under the Policy, and Cohen was not an employee of Hastings, but rather, an employee of UPI. Thus, there may have been no need for the Court to reach the principle of *contra proferentem* in order to find in favor of Hastings because the language of the Policy dictated that result.

In any event, no matter what rationale is used to reach a judgment for Hastings on its declaratory judgment claim — either through the language of the Policy, as Hastings contends, or through *contra proferentem*, as the Court originally found in the October 30, 2015 Order —, the summary order in Endurance does not change the outcome of the October 30, 2015 Order. Thus, reconsideration on that basis is not warranted.

Evanston also cites to a number of state court and district court decisions which it contends that the Court "disregarded" in its October 30, 2015 Order. (See the Pl.'s Mem. of Law, Dkt. No. 41–1, at 7.) However, these decisions are not binding on the Court and therefore, usually cannot form the basis of reconsideration. See New York State Corr. Officers & Police Benev. Ass'n, Inc. v. New York, No. 1:11-CV-1523 (MAD)(CRH), 2013 WL 3450383, at *3 (N.D.N.Y. July 9, 2013) ("A decision by another district court is not binding on this court and therefore does not constitute 'an intervening change in controlling law' sufficient to merit reconsideration.'") (quoting Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003)); see also Analytical Surveys, Inc. v. Tonga Partners, L.P., No. 06 CIV. 2692 (KMW) (RLE), 2009 WL 1514310, at *3 n.9 (S.D.N.Y. May 29, 2009) ("'[P]ersuasive but nonbinding authority from other circuits does not constitute a point of law or fact that mandates reconsideration.'") (quoting In re: Trace International Holdings, Inc., et al., 04–Civ–1295, *7 (S.D.N.Y. Sept. 15, 2006)).

Finally, Evanston contends that the Court misapplied the principle of *contra proferentem* because the Second Circuit's summary order in Endurance establishes that the Court should have ruled that the Employers Liability Exclusion unambiguously bars coverage to Hastings. (See the Pl.'s Mem. of Law, Dkt. No. 41–1, at 7.)

11

As already noted, the Court does not find <u>Endurance</u> to be binding or applicable to this case. Furthermore, and also discussed above, the reasoning and *dicta* of <u>Endurance</u>, if anything, support a finding that the Employers Liability Exclusion unambiguously does *not* bar coverage to Hastings in light of the Separation of Insured Clause and the fact that Hastings is a "Named Insured" under the Policy.

For these reasons, the Court denies Evanston's motion for reconsideration and affirms its grant of summary judgment in favor of Hastings on the declaratory judgment claim.

**B. Hastings' Letter Motion to Alter the Amended Judgment**

In the October 30, 2015 Order, the Court granted Hastings' cross-motion for summary judgment for a declaratory judgment and found that "[Hastings] is entitled to indemnification for the Cohen Action subject to the applicable limits on damages established by the Policy." (Oct. 30, 2015 Order at 30.)

On November 4, 2015, the Clerk of the Court entered a judgment stating:

ORDERED AND ADJUDGED that [Hastings] take [sic] nothing of [Evanston]; . . . ; that [Hastings'] cross-motion for summary judgment is granted solely with respect to [Hastings'] claim for a declaratory judgment; that [Hastings] is entitled to indemnification for the Cohen Action subject to the applicable limits on damages established in the Policy; and that this case is hereby closed.

(<u>See</u> Judgment, Dkt. No. 39.)

On November 16, 2015, Hastings filed a letter asserting that the statement, "[Hastings] take[s] nothing of [Evanston]," is inconsistent with the terms of the Order because the Court concluded that Hastings was entitled to coverage under the Policy. Accordingly, Hastings requested that the Court issue an amended judgment without the language, "[Hastings] take nothing," and adding language, "[Evanston] shall reimburse [Hastings] all legal fees and expenses incurred in the Cohen action." (<u>See</u> Pl.'s Nov. 16, 2015 Ltr. Mot., Dkt. No. 40.)

12

On November 18, 2015, the Court issued an order (the "November 18, 2015 Order") granting Hastings' request to remove the statement, "[Hastings] take [sic] nothing of [Evanston]," from the Judgment because it found that statement to be inconsistent with the October 30, 2015 Order. (See Nov. 18, 2015 Order, Dkt. No. 42, at 2–3.) However, the Court declined to add the language, "[Evanston] shall reimburse [Hastings] all legal fees and expenses incurred in the Cohen action," because the Court found that language to be broader than the relief authorized by the Court's October 30, 2015 Order." (Id. at 3.)

On November 18, 2015, the Clerk of the Court issued the Amended Judgment, which removed the "takes nothing" language and left unchanged the language, "[the] Plaintiff is entitled to indemnification for the Cohen Action subject to the applicable limits on damages established in the Policy." (Am. Judgment, Dkt. No. 43.)

Presently before the Court is a second letter motion by Hastings styled as a motion under "Federal Rules 59 and 60" in which it renews its request to amend the judgment to "immediately assume Hastings' defense in the Cohen Action and reimburse Hastings its legal fees and costs incurred to date in defending that action." (See Pl.'s Nov. 23, 2015 Ltr., Dkt. No. 45, at 3.)

Evanston opposes Hastings' latest letter request because it contends that Hastings' request fails to meet the standards of Rule 59 and Rule 60. (See Def.'s Nov. 24, 2015 Ltr., Dkt. No. 46.) The Court agrees.

Hastings does not make clear what subdivision of Rule 59 or 60 it is moving under. Rule 59(e) permits a court "to alter or amend a judgment." Fed. R. Civ. P. 59(e). The Second Circuit has explained that Rule 59(e) "'covers a broad range of motions' and that 'the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to

13

the judgment.'" ING Glob. v. United Parcel Serv. Oasis Supply Corp., 757 F.3d 92, 96 (2d Cir. 2014) (quoting Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 153 (2d Cir.2008)). For example, courts have ruled that "[a] motion to amend the judgment under Fed. R. Civ. P. 59(e) is appropriate if the court in the original judgment has failed to give relief on a claim on which it has found that the party is entitled to relief." Cont'l Cas. Co. v. Howard, 775 F.2d 876, 883 (7th Cir. 1985) (citing 11 Wright & Miller, Federal Practice & Procedure, Civil § 2817 at 111); see also Scott v. City of Topeka Police & Fire Civil Serv. Comm'n, 739 F. Supp. 1434, 1437 (D. Kan. 1990) ("A motion to alter or amend judgment is particularly appropriate to obtain additional relief to which a party has been found to be entitled.") (citation omitted).

Hastings appears to be arguing that in granting its motion for summary judgment for a declaratory judgment, the Court was required to adopt the specific wording for that judgment requested by Hastings in the complaint and its motion papers. (See Pl.'s Nov. 23, 2015 Ltr. at 2–3.)

However, "[t]he Supreme Court has repeatedly recognized the Declaratory Judgment Act as 'an enabling Act' which grants discretion to the district courts rather than an 'absolute right' to the litigant." Quality King Distributors, Inc. v. KMS Research, Inc., 946 F. Supp. 233, 236 (E.D.N.Y. 1996) (citing Wilton v. Seven Falls Co., 515 U.S. 277, 287, 115 S. Ct. 2137, 2143, 132 L. Ed. 2d 214 (1995)). "Once a court concludes that declaratory relief is appropriate, the precise wording of the decree relates to the form rather than to the propriety of relief." Archie Comic Publications, Inc. v. DeCarlo, No. 00 CIV 5686 (LAK), 2001 WL 1543526, at *1 (S.D.N.Y. Dec. 3, 2001); see also Todaro v. Ward, 565 F.2d 48, 54 n.7 (2d Cir. 1977) ("Appellate tribunals have accorded district courts broad discretion to frame equitable remedies

14

so long as the relief granted is commensurate with the scope of the constitutional infraction.") (citation omitted).

Thus, it is entirely within the discretion of the district court to determine the scope and wording of a declaratory judgment. As such, Hastings is not entitled to a declaratory judgment with its preferred choice of wording, particularly where, as described below, the proposed judgment by Hastings is significantly broader than the language of the Policy. Accordingly, the Court finds that Hastings has failed to show that Rule 59(e) relief is appropriate in this case.

Hastings' citation to Rule 60 is similarly vague. Rule 60 provides two different grounds for relief. First, under Rule 60(a), a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Second, under Rule 60(b), a court may "relieve a party . . . from a final judgment" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Hastings does not make clear what provision of Rule 60 it seeks relief, nor does it cite to any legal standards applicable to its letter motion. However, even liberally construed, Hastings' letter motion fails to provide any basis for altering the Amended Judgment. Rule 60(a) is

15

reserved for correcting "clerical" mistakes and not for making changes to a judgment which affect the substance of that judgment. See 11 Fed. Prac. & Proc. Civ. § 2854 (3d ed.) ("Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b)); see also In re Frigitemp Corp., 781 F.2d 324 (2d Cir. 1986) ("Since the 1984 Judgment accurately reflected the court's decision as revealed in its orders directing the entry of judgment, the Judgment's failure to award prejudgment interest cannot be termed a mere clerical error.").

Here, Hastings requests that the Court alter the Amended Judgment in a way that is both substantive and beyond the Court's October 30, 2015 Order. Thus, Rule 60(a) does not provide it with a basis for relief.

Under Rule 60(b)(1), a court can alter a judgment to correct legal and factual errors. See In re 310 Associates, 346 F.3d 31, 35 (2d Cir. 2003) (holding that Rule 60(b)(1) is available for a district court to correct legal and factual errors in a judgment). It "'affords a party relief from a material mistake that changed the outcome of the court's judgment.'" Williams v. Artus, No. 06-CV-0356 VEB, 2008 WL 4516241, at *2 (W.D.N.Y. Oct. 2, 2008) (quoting In re Bulk Oil (USA), Inc., No. 89-B-13380, 93 Civ. 4492(PKL), 93 Civ. 4494(PKL), 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007).

Here, the Court finds no mistake in its decision not to adopt the broad formulation offered by Hastings requiring Evanston to reimburse Hastings for "all fees, expenses, awards and costs and disbursements incurred, including any settlement or judgment, and consequential and incidental damages." That is because the Policy contains a personal injury limit of $1,000,000 and other limitations on costs and fees. Hastings' proposed language is significantly broader than the Policy because it does not incorporate any of the limits on damages and costs set forth in the Policy. Thus, in the Court's view, its decision to decline to adopt Hastings' proposed

16

language for a declaratory judgment was not a mistake, but entirely consistent with the Policy and its prior rulings in this case.

Subsections 2 through 5 of Rule 60(b) — which involve fraud, a void judgment, or a satisfied or inequitable judgment — are not alleged in Hastings' letter motion. Subsection 60(b)(6), which authorizes a district court to grant relief to a moving party for "any other reason that justifies relief," is only available in "extraordinary circumstances." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012). The standard for granting Rule 60(b)(6) motions is strict and will only be granted "if the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257.

Hastings points to no decisions or provision in the Policy that the Court overlooked in formulating the wording of the declaratory judgment. Further, the Court finds that its choice of wording was entirely consistent with the Policy itself. Thus, Hastings has failed to point to extraordinary circumstances giving it a right to relief under Rule 60(b)(6).

For these reasons, the Court denies Hastings' motion to alter the Amended Judgment pursuant to Rules 59 and 60.

### III. CONCLUSION

For the foregoing reasons, the Court denies Evanston's motion for reconsideration and denies Hastings' letter motion to alter the Amended Judgment. The Clerk of the Court is directed to terminate docket entry numbers 41 and 45.

The case remains closed.

**SO ORDERED.**
Dated: Central Islip, New York
June 29, 2016

                                             _/s/ Arthur D. Spatt_
                                            ARTHUR D. SPATT
                                        United States District Judge